IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEBRA NICHOLL-KENNER<br><br>Plaintiff,<br><br>vs.<br><br>LAWRENCEVILLE UROLOGY, P.A.<br><br>and<br><br>PREMIER UROLOGY<br><br>and<br><br>JULIE PRETTYMAN<br><br>Defendants, | CIVIL ACTION:<br>NO.: 3-11-cv-00195 |

**Answer of Defendants, Premier Urology Associates, LLC, Lawrenceville Urology, P.A. and Julie Prettyman to Plaintiff's Complaint**

1. This is an introductory paragraph to which no response is required.

2. Admitted.

3. Admitted this Court has personal jurisdiction over defendants.

4. Admitted.

5. This is an incorporation to which no response is required.

6. Admitted.

7. Admitted in part, denied in part. Lawrenceville Urology, P.A. is a Urology practice not a medical facility. It has an in-house research facility. It is not a subsidiary of Premier.

8. Admitted in part, denied in part. Premier was responsible for paying plaintiff. It

did not acquire Lawrenceville as an entity.

    9.    Admitted.

    10.    This is a conclusion of law to which no response is required.

    11.    This is a conclusion of law to which no response is required.

    12.    This is an incorporation to which no response is required

    13.    Admitted.

    14.    Admitted.

    15.    Denied. As a research coordinator, plaintiff was a professional and was required to have training in medical research practices.

    16.    Admitted.

    17.    Denied as stated. Plaintiff did supervise secretaries and other staff.

    18.    Admitted.

    19.    Admitted.

    20.    Admitted in part, denied in part.  Admitted plaintiff was not paid overtime. Plaintiff was allotted 10 days of Personal Time.  Denied plaintiff was required to make up time.

    21.    Denied.

    22.    Denied.

    23.    Denied as stated. Plaintiff was not entitled to overtime because she was an exempt professional employee.

    24.    Defendant is without information to either admit or deny this allegation and the same is therefore denied.

    25.    Defendant is without information to either admit or deny this allegation and the same is therefore denied.

26. Denied. Defendant Prettyman had asked plaintiff to tell her when the surgery would take place so she could prepare for plaintiff's absence. Plaintiff told defendant Prettyman the day before she left for surgery that the surgery would be months away; the next day she advised she would be having the surgery and would be taking several months off.

27. Admitted.

28. Admitted.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Admitted.

34. Denied as stated. Plaintiff was terminated because the number of subjects did not justify three research coordinators and plaintiff had the least seniority of the three.

35. Denied that defendant posted any job offering or that it is now or has since plaintiff was terminated looking to replace her.

36. Denied.

37. This is an incorporation to which no response is required.

38. Admitted.

39. Admitted.

40. Denied.

41. Denied.

42. Denied.

43. This is an incorporation to which no response is required.

44. Denied.

45. Denied. Plaintiff was a professional.

46. Denied. Plaintiff was a professional research coordinator.

47. Admitted.

48. Admitted.

49. Admitted.

50. Denied.

51. Denied.

52. This is an incorporation to which no response is required.

53. Denied.

54. Denied.

55. Denied. Plaintiff was a professional research coordinator.

56. Denied.

57. Denied.

58. Admitted.

59. Denied.

60. Denied.

61. This is an incorporation to which no response is required.

62. Admitted.

63. Denied.

64. Denied.

65. Denied.

66. This is an incorporation to which no response is required.

67. Denied.

68. Denied.

69. Denied as stated. Plaintiff was able to perform her job function.

70. Denied.

71. Denied.

**WHEREFORE** defendants demand judgment in their favor together with costs and attorneys fees.

## AFFIRMATIVE DEFENSES

72. The plaintiff has failed to state a claim upon which relief can be granted.

73. Without limiting the generality of the foregoing, the plaintiff has failed to state a claim for attorney's fees upon which relief can be granted.

74. The plaintiff's requests for relief are contrary to the public policy of the State of New Jersey.

75. The Plaintiff has failed to act reasonably.

76. The Plaintiff 's claims are barred by the equitable maxims.

77. The Plaintiff's claims are barred by the doctrine of laches.

78. The Plaintiff's claims are barred by the doctrine of waiver.

79. The Plaintiff's claims are barred by the doctrine of estoppel.

80. The Plaintiff's claims are barred by the doctrine of judicial estoppel.

81. To the extent that the Plaintiff has suffered damages, which is specifically denied, the Plaintiff has failed to mitigate her damages.

82. Defendants reserve the right to supplement and amend these affirmative defenses as this case proceeds.

83.  Julie Prettyman has no personal or individual liability for plaintiff's claims.

> SHERMAN, SILVERSTEIN, KOHL,
> ROSE & PODOLSKY, P.A.
>
> By: _____
> Alan C. Milstein, Esquire
> 308 Harper Drive, Suite 200
> Moorestown, NJ 08057
> Telephone: (856) 662-0700
> FAX: (856) 488-4744
> Attorneys for Defendants, Premier Urology Associates, LLC, Lawrenceville Urology, P.A. and Julie Prettyman

DATE: **Friday, February 18, 2011**